# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UMB BANK, N.A., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:20-cv-00895-MTS |
| AA AUTO BROKER LLC, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On or around June 14, 2019 someone opened a deposit account with UMB Bank under the name of AA Auto Broker, LLC. It now appears the account was established as part of an internet scam in which an unknown individual, or perhaps individuals, would pose as an online paramour and convince internet strangers to requite their romantic interests by depositing funds into the account. From the account's opening to October 3, 2019, at least fourteen individuals and one trust deposited money into it. Unfortunately, but unsurprisingly, the apparent fraudsters withdrew a significant portion of the money before UMB Bank was able to detect the scheme and freeze the account. Now only a percentage of the money deposited remains. Thus, UMB Bank has filed this interpleader action.

UMB Bank has been able to locate and serve eight of the depositors who are named as Defendants.[1] But despite a "diligent search," UMB Bank has been unable to find "the residence or location" of eight others and, of course, those of any presently unknown additional individuals or entities that may claim an interest in the funds. Doc. [4-1]. Since it cannot personally serve

---

[1] *See* Docs. [16]–[19], [21]–[23], [25]. None of those eight, however, has answered or even appeared in this matter even though UMB Bank served them all over twelve weeks ago.

individuals whose location it does not know, UMB Bank requests that the Court order service by publication.

Under Federal Rule of Civil Procedure 4(e)(1), "[u]nless federal law provides otherwise" an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Thus, UMB Bank may effectuate service in any manner specified by Missouri law. *See, e.g.*, *Exertron L.L.C. v. M.I.K.E. Biomechanical Sys., B.V.*, No. 4:07-cv-285 CEJ, 2007 WL 1567041, at *1 (E.D. Mo. May 29, 2007). Missouri allows for service by publication "in all cases affecting a fund, will, trust estate, specific property, or any interest therein, or any res or status within the jurisdiction of the court." Mo. Rev. Stat. § 506.160(1).

Plaintiff also offers 28 U.S.C. § 1655 as an avenue for authorizing notice by publication. Section 1655 provides that:

> In an action in a district court to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district, where any defendant cannot be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain.

And it goes on to note that "[w]here personal service is not practicable, the order shall be published as the court may direct, not less than once a week for six consecutive weeks."

Given § 1655's text, and the scant on-point case law, the Court is not convinced that this matter is one "to enforce" a "claim" to personal property since no one has sought the property. In *United States v. Swan's Estate*, 441 F.2d 1082, 1086 (5th Cir. 1971), the court concluded the district court had jurisdiction over the claims of an individual in an interpleader action after service by publication under § 1655. There, however, the individual previously had made a claim to the money—the proceeds of an estate—that were now on deposit in the bank. The court noted she had

"settled" her claim to the money with another claimant, agreeing that she would receive three-fourths of it. *Id.* at 1083–84. Later, distributing the money became complicated when the Internal Revenue Service assessed federal income tax liabilities against the deceased and also sought the money. *Id.* at 1084. Thus, § 1655 appears to require someone asserting an interest to the property, which this case currently lacks. *See also Bitco Gen. Ins. Corp. v. Heartland Midwest, LLC*, No. 4:15-cv-00384 FJG, 2016 WL 6902461, at *4 (W.D. Mo. Mar. 24, 2016) (allowing use of § 1655 to serve unknown unnamed claimants where "pending demands, known claims and potential demands greatly exceed[ed]" insurance policies' limits).

Nevertheless, § 1655 and Mo. Rev. Stat. § 506.160's processes overlap in such a way that both provisions can be satisfied through the same notice procedure, which the Court aims to do for good measure. The Court, after reviewing UMB Bank's filings, including the affidavit by Coley Gassaway, finds that part or all Defendants in this case are nonresidents of the state, cannot be personally served in this state, or have an unknown address. The Court finds personal service on these Defendants is not practicable and orders service by publication.

Accordingly,

**IT IS HEREBY ORDERED** that UMB Bank, N.A.'s Motion for Order Directing Service by Publication, Doc. [4], is **GRANTED**. Plaintiff must publish the attached Notice at least once each week for six consecutive weeks, with first publication to occur **no later than Monday, December 28, 2020**, in a newspaper of general circulation in the City of St. Louis, Missouri or the state of Missouri.

Dated this 4th day of December 2020.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

## NOTICE

Absent Defendants of *UMB Bank, N.A. v. AA Auto Broker LLC*, 4:20-cv-00895-MTS (E.D. Mo.) are hereby Ordered to appear or plead by February 12, 2021. UMB Bank, N.A. has brought an interpleader action in the United States District Court for the Eastern District of Missouri against AA Auto Broker, LLC, Victor Lewis, James Vassallo, Raylene McDonald, Charles L. Gronan, Michael Grogan, Linda M. Gray, Terry M. Kelley, Earl F. Andrews, Brian R. Dedenhoeffer, Patricia Townley, Amanda J. Bischoff, Mabel Scott, Patricia E. Dickens, Eugene Wargo, the Stephanie B. Cousin 2009 Trust, and Additional Individuals or Entities that Claim an Interest in the Funds. The action seeks to determine as a matter of law who is entitled to $66,252.37 deposited into a UMB Bank Deposit Account registered to AA Auto Broker, LLC with an account number ending in 7997 between June 14, 2019 and October 3, 2019.

Unless the named Defendants file an answer or other pleading or shall otherwise appear by Friday, February 12, 2021, judgment by default will be rendered against them. This notice is to be published at least once each week for six consecutive weeks, with first publication to occur no later than Monday, December 28, 2020, in a newspaper of general circulation in the City of St. Louis, Missouri or the state of Missouri. The attorney for Plaintiff in this case is Timothy J. Ahrenhoersterbaeumer, 1 N. Brentwood Blvd. Suite 1000, St. Louis, MO 63105.